UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>        Plaintiff,<br><br>    vs.<br><br>JENNIFER BENNETTE,<br><br>        Defendant. | CASE NO. 09cv2309-L(RBB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND (3) DISMISSING COMPLAINT** |

Plaintiff Grace L. Sandoval, proceeding *pro se*, has submitted a complaint pursuant to 18 U.S.C. § 1962. With the complaint Plaintiff filed a Motion to Proceed *in Forma Pauperis* and a Request for Appointment of Counsel.

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's declaration shows she has insufficient income and assets to pay the filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is granted.

The court is obligated to review a complaint filed *in forma pauperis* and must dismiss it if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune

1  from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th
2  Cir. 2001).  "[W]hen determining whether a complaint states a claim, a court must accept
3  as true all allegations of material fact and must construe those facts in the light most
4  favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

5        A complaint will be considered frivolous, and therefore subject to dismissal under
6  § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact."  *Nietzke v.*
7  *Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33
8  (1992).  A federal court cannot properly *sua sponte* dismiss an action commenced *in forma*
9  *pauperis* if the facts alleged in the complaint are merely "unlikely."  *Denton*, 504 U.S. at
10 33.  However, a complaint may be properly dismissed *sua sponte* if the allegations are
11 found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the
12 irrational or the wholly incredible."  *Id*. at 32-33.  In addition, cases which "merely repeat[]
13 pending or previously alleged claims" may be dismissed as frivolous.  *Cato v. United*
14 *States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  If a case is classified as frivolous, "there is,
15 by definition, no merit to the underlying action and so no reason to grant leave to amend."
16 *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (*en banc*).

17       Plaintiff claims her action arises under the Racketeer Influenced and Corrupt
18 Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c) and/or (d).  (*See* docket no. 1,
19 Civil Cover Sheet.)  The complaint is insufficient to state a claim.  In the complaint,
20 devoid of any headings or paragraphs, Plaintiff offers a stream-of-consciousness account of
21 fantastic and fanciful criminal activity.  These allegations are similar to the allegations in
22 the previously-dismissed cases, Grace L. Sandoval v. Rogelio Pina, case no. 08cv1297-
23 L(LSP), Grace L. Sandoval v. Leonard Fink, case no.08cv1869-L(NLS), Grace L. Sandoval
24 v. Interim Health Care, case no. 09cv1507-L(POR), and Grace L. Sandoval v. Mercury
25 Insurance, case no. 09cv2217-L(JMA).

26       Plaintiff's allegations are fanciful and fantastic rather than merely unlikely.  An
27 example of Plaintiff's "fanciful" allegations is that
28       Jennifer Bennette is a security guard employed at Saint Vincent de Paul . . ..
      . . . Jennifer Bennette forced sharps, needles etc. with harmful substance in

m[y] human esophagus to cause injury and death.  Jennifer Bennette also said to me . . ., "Welcome to the ball" and forced sharp, needle etc. with harmful substance in m[y] neck, near esophagus, etc. to start a ball or to swell as Jennifer Bennette mother, an illegal from Mexicali, Mexico named Mary Reyes . . ., also has from prostitution, dancing nude illegally, forcing extassy [*sic*] in the human mouth of males, Americans, criminals, etc in Brawley, California.  Mary Reyes has carried many children born premature with the drug Provera illegally in Brawley, California as planned as planned with [many individuals] involved in polygamy, welfare fraud, etc. with Patrick J. Clark and gay mate O.J. Simpson, etc.

Although in some cases it may be difficult to judge whether a plaintiff's factual allegations are truly "fanciful," "fantastic," or "delusional" as opposed to merely "unlikely," this is not such a case.  *See Denton*, 504 U.S. at 33.  These allegations "rise[] to the level of irrational or the wholly incredible."  *Id*.  Accordingly, the complaint is dismissed as frivolous.  *See Lopez*, 203 F.3d at 1127 n.8.

Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  The complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**  Plaintiff's motion for appointment of counsel is **DENIED** as moot.

**IT IS SO ORDERED**.

DATED:  October 22, 2009

_____
M. James Lorenz
United States District Court Judge